CHARLES W. LAUGHLIN AND ELISE P. LAUGHLIN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Laughlin v. Commissioner
Docket No. 21353-91
United States Tax Court
T.C. Memo 1993-122; 1993 Tax Ct. Memo LEXIS 120; 65 T.C.M. (CCH) 2203; March 29, 1993, Filed *120 Charles W. Laughlin, pro se. For respondent: Deborah C. Stanley. GUSSIS
GUSSIS
MEMORANDUM OPINION GUSSIS, Special Trial Judge: This case was assigned for trial pursuant to the provisions of section 7443A(b)(3) and Rules 180, 181, and 182. All section references are to the Internal Revenue Code in effect for the year in issue. All Rule references are to the Tax Court Rules of Practice and Procedure. Respondent determined a deficiency in petitioners' 1988 Federal income tax in the amount of $ 5,859. The issues for decision are: (1) Whether there is a deficiency within the meaning of section 6211(a); and if so, (2) whether a Form 906 closing agreement involving trust losses precludes respondent from asserting a deficiency involving self-employment tax; and (3) whether respondent subjected petitioners to unnecessary examinations in contravention of section 7605(b). Some of the facts have been stipulated and they are so found. The stipulation of facts and accompanying exhibits are incorporated by this reference. Petitioners resided in Richmond, Virginia, at the time the petition herein was filed. Petitioner Charles W. Laughlin, an attorney, and his wife Elise P. Laughlin filed *121 a joint Federal income tax return for 1988. The total tax shown on the return was $ 20,854, which included self-employment tax of $ 5,859. On July 10, 1989, after an initial review of petitioners' 1988 return, respondent advised petitioners that they were entitled to a refund and issued to petitioners a refund check in the amount of $ 5,859, which was the amount of the self-employment tax. As of June 20, 1990, petitioners and respondent entered into a Form 906 closing agreement (the closing agreement) eliminating certain trust losses claimed on petitioners' 1986 and 1987 returns. By letter dated October 11, 1990, respondent advised petitioners of the income tax examination changes resulting from the elimination of the trust losses for 1988. These changes resulted in additional taxes of $ 694 and interest charges of $ 107.09 for 1988, which amounts were paid by petitioners. In a subsequent report of income tax examination changes respondent revised the earlier examination report for 1988 and proposed an adjustment in self-employment tax due in 1988 in the amount of $ 5,859, based upon petitioner Charles W. Laughlin's distributive share of his law partnership income. Accordingly, *122 in a notice of deficiency mailed to petitioners on July 25, 1991, respondent determined a deficiency for the year 1988 in the amount of $ 5,859. Petitioners argue that on these facts, no "deficiency" exists within the meaning of section 6211(a) and that respondent is, therefore, pursuing the wrong remedy in seeking recovery of the refunded self-employment tax. Petitioners have the burden of proof. Rule 142(a); Welch v. Helvering, 290 U.S. 111 (1933). Section 6211(a) defines a "deficiency" as follows: (a) IN GENERAL. -- For purposes of this title in the case of income, estate, and gift taxes imposed * * * the term "deficiency" means the amount by which the tax imposed * * * exceeds the excess of -- (1) the sum of (A) the amount shown as the tax by the taxpayer upon his return, if a return was made by the taxpayer and an amount was shown as the tax by the taxpayer thereon, plus (B) the amounts previously assessed (or collected without assessment) as a deficiency, over -- (2) the amount of rebates, as defined in subsection (b)(2), made.
Section 6211(b)(2) defines the term rebate as "so much of an abatement, credit, refund, or other *123 payment, as was made on the ground that the tax imposed * * * was less than the excess of the amount specified in subsection (a)(1) over the rebates previously made." Petitioner Charles W. Laughlin, argues that because the amount of tax imposed by the Code ($ 21,548) equals the amount of tax shown on his return ($ 20,854), plus amounts previously assessed ($ 694), no deficiency exists. Petitioner's argument is premised on the erroneous conclusion that the refund he received from respondent is not a rebate and, hence, need not be taken into account when calculating whether a deficiency exists. Petitioner misinterprets the meaning of the term rebate as used in section 6211. The crucial element in determining whether a refund is a rebate is the reason for the refund. Groetzinger v. Commissioner, 69 T.C. 309, 315 (1977). As section 6211(b)(2) makes clear, a refund is a rebate if made "on the ground that the tax imposed * * * was less than the excess of the amount specified in subsection (a)(1) over the rebates previously made". Here, the $ 5,859 refund was made because respondent had at that point determined that the correct amount of tax imposed (at *124 the time calculated to be $ 15,689) was less than the amount shown on petitioners' 1988 return. Accordingly, the refund was made for the reason specified in section 6211(b)(2) and, therefore, is a rebate. Under section 6211(a) the $ 5,859 rebate petitioner received must now be taken into account when calculating whether a deficiency exists. Accordingly, upon application of the definition in section 6211(a), we find that a deficiency in petitioner's 1988 income tax exists as follows: Tax imposed
$ 21,548
Less: The sum of the tax shown on
the return ($ 20,854) plus the
amount previously assessed as a
deficiency ($ 694) minus the
amount of the rebate ($ 5,859)
15,689
Amount of deficiency
$  5,859
In short, the refund mailed to petitioner was based upon a determination (albeit erroneous) by respondent of the tax imposed on petitioner and hence the refund is deemed a rebate for the purposes of section 6211(a). In issuing the notice of deficiency here involved, respondent did not, as petitioner seems to argue, somehow revive or reassess a prior tax assessment but, rather, determined a deficiency in tax pursuant to section 6212(a). See also *125 sec. 6213(a). We have considered petitioner's arguments, which are largely semantic in nature, and find them unpersuasive. Moreover, it is evident that the cases cited by petitioner are factually distinguishable and, further, do not support his argument here that the erroneous refund he received was not a rebate within the meaning of section 6211(a). We must, therefore, sustain respondent on this issue. Petitioner also contends that the June 1990 closing agreement (Form 906) entered into by the parties precluded respondent from determining a deficiency for the self-employment tax here at issue. Petitioner contends in essence that respondent's October 1990 report of income tax examination changes for the year 1988 is an integral part of the closing agreement and that respondent's determination of a deficiency for 1988 somehow contravenes the closing agreement. Petitioner is mistaken. Section 7121(a) authorizes respondent to enter into agreements in writing with any person relating to the liability of that person in respect to any internal revenue tax for any taxable period. Such closing agreements are binding on the parties as to the matters agreed upon and may not be annulled, *126 modified, set aside, or disregarded in any suit or proceeding unless there is a showing of fraud, malfeasance, or misrepresentation of a material fact. Sec. 7121(b); Zaentz v. Commissioner, 90 T.C. 753, 760 (1988). A Form 906 closing agreement is used with regard to specific items affecting tax liability in past or future years. Zaentz v. Commissioner, supra at 761. A Form 906 agreement is binding only as to matters agreed upon for the taxable period stated in the agreement. Estate of Magarian v. Commissioner, 97 T.C. 1 (1991). The only issue addressed by the Form 906 closing agreement here involved is the disallowance of trust losses claimed by petitioner in the relevant years. Since the closing agreement does not touch upon the issue of self-employment taxes, respondent is not precluded from asserting a deficiency in regard to those taxes for the 1988 tax year. Finally, petitioner contends that respondent has subjected him to unnecessary examinations within the meaning of section 7605(b). Section 7605(b) provides in pertinent part as follows: (b) RESTRICTIONS ON EXAMINATION *127 OF TAXPAYER. -- No taxpayer shall be subjected to unnecessary examination or investigations, and only one inspection of a taxpayer's books of account shall be made for each taxable year unless the taxpayer requests otherwise or unless the Secretary, after investigation, notifies the taxpayer in writing that an additional inspection is necessary.
At trial petitioner conceded that no second inspection of his books of account actually took place. Rather, he argues that respondent has subjected him to unnecessary examinations. We cannot agree. The purpose of section 7605(b) is to prevent the Internal Revenue Service from undertaking repetitive investigations as a method of taxpayer harassment. The statute was not meant to restrict the scope of respondent's legitimate effort to protect the revenue. See Collins v. Commissioner, 61 T.C. 693, 698-699 (1974). Respondent's reconsideration of petitioner's 1988 tax return does not constitute an inspection of his books of account. See Masraff v. Commissioner, T.C. Memo 1989-638. There is no showing that respondent's reexamination of the tax return was arbitrary or unnecessary. *128 The reexamination of petitioner's 1988 tax return, late in 1990, leading to income tax examination changes for 1988 was obviously necessary to give effect to the impact of the Form 906 closing agreement on post-1987 tax years. The subsequent proposed income tax changes, which reflected the self-employment tax deficiency here in dispute, were simply a revision of a previous examination report. Upon consideration of the record, we must conclude that petitioner's contentions invoking the provisions of section 7605(b) are without merit. On this record, we sustain respondent's determination with respect to petitioner's self-employment tax liability for the taxable year 1988 in the amount of $ 5,859. Decision will be entered for respondent.