T.C. Summary Opinion 2003-170

UNITED STATES TAX COURT

YANCY K. YOUNG, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 11797-02S.          Filed December 22, 2003.

Yancy K. Young, pro se.

<u>Stephen J. Neubeck</u>, for respondent.

POWELL, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463[1] of the Internal Revenue Code in effect at the time the petition was filed.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

---

[1]  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year in issue, and Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency of $500 in petitioner's 2000 Federal income tax. The issue is whether an erroneous refund issued to petitioner is a gift from respondent. Petitioner resided in Huber Heights, Ohio, at the time the petition was filed.

This case was submitted fully stipulated under Rule 122, and the applicable facts may be summarized as follows.[2] In preparing his 2000 Federal income tax return, petitioner, on line 6c(1) of Form 1040A, U.S. Individual Income Tax Return, listed "Yancy L. Young" as his dependent and checked Box 6c(4) showing Yancy as a qualifying child for the child tax credit. Petitioner, however, did not claim a child care credit on the return. Respondent recalculated petitioner's tax liability to reflect the child tax credit and refunded $500 to petitioner. Subsequently, respondent examined petitioner's return and disallowed the child tax credit because Yancy was not a qualifying child.

Petitioner concedes that he is not entitled to the child tax credit.[3] Petitioner contends that respondent's erroneous refund was a gift to him. While respondent has the authority to make a

---

[2] The facts are not in dispute and the issue is primarily one of law. Sec. 7491, concerning burden of proof, has no bearing on this case.

[3] A deficiency exists because the erroneously issued refund is considered a rebate under sec. 6211(a)(2). Laughlin v. Commissioner, T.C. Memo. 1993-122.

refund of overpayments, see sec. 6402(a),[4] we are unaware of any provision that authorizes him to make gifts.  Furthermore, we would be hard pressed to find that respondent made the payment based on a detached and disinterested generosity, out of affection, respect, or admiration of petitioner so as to constitute a gift.  See Commissioner v. Duberstein, 363 U.S. 278, 285 (1960).

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing,

Decision will be entered

for respondent.

---

[4]    Upon receipt of a return, if respondent "determines that the payments by the taxpayer * * * are in excess of the amount of tax shown on the return, * * * [respondent] may make credit or refund of such overpayment without awaiting examination of the completed return".  Sec. 301.6402-4, Proced. & Admin. Regs.